John W. Sweeny, J.
This is an article 78 proceeding in which petitioners seek a judgment (1) requiring respondents to continue paying Earle Nursing Home for care and medical benefits rendered on petitioners’ behalf, pending a fair hearing determination, and (2) enjoining respondents from transferring or removing petitioners from the Earle Nursing Home pending the hearing. By cross petition, respondent Parry seeks a judgment directing the State of New York to reimburse the county Department of Social Services if the latter is directed in this proceeding to continue making Medicaid payments pending the outcome of the pending fair hearings.
This court must reject the State’s argument that since there is a collateral issue here regarding Federal reimbursement to the State that this court does not have jurisdiction over the main issues presently before the court, viz, the rights of petitioners to continuation of Medicaid benefits pending a fair hearing (Kane v Parry, Sup Ct, Orange County, July 28, 1975, Sweeny, J.). As this court held in Kane (supra) the respon *155 dents’ obligation to provide medical assistance is independent of Federal law and regulations with respect to Federal financial participation.
The Court of Appeals, in the Matter of Jones v Berman (37 NY2d 42) has clearly rejected the argument that a municipality may shirk its statutory responsibility to provide assistance to destitute persons merely because the higher levels of government refuse to share the cost. Therefore, there does not appear to be any precedent authorizing the county Department of Social Services to discontinue payments pending the fair hearing merely because the State has indicated that it will not reimburse the county, for the reason that the Federal Government will not reimburse the State for Medicaid payments after a nursing home has been decertified.
Because the medical evidence presented to this court overwhelmingly indicates that all of the Medicaid patients presently in the Earle Nursing Home should not be moved pending their fair hearings before the respondents and because of the basic statutory requirement that the county provide medical assistance to petitioners, the court hereby directs the continuation of such assistance pending the fair hearing decision.
The respondent State Department of Social Services apparently relies upon its compliance with the provisions of 18 NYCRR 358.8(c)(1) and 45 CFR 205.10(a)(6)(i) to justify its decision to discontinue reimbursements to Orange County pending the fair hearings.
As this court reads the Federal guidelines (45 CFR 205.10 [a] [6] [i] [A]) the State has no authority to discontinue assistance unless and until "a determination is made at the hearing that the sole issue is one of State or Federal law or policy” (emphasis added). Since no hearings have as yet been held, the decision at the State level to discontinue payments seems to be premature and therefore unauthorized. It also appears that 18 NYCRR 358.8 (c) (1) gives an incorrect interpretation of the Federal requirements (45 CFR 205.10 [a] [6] [i] [A]) with which it is intended to be in accord, in that it sanctions discontinuance of assistance prior to a hearing. For these reasons, the court believes that the discontinuance of reimbursements by the State was unauthorized and therefore the cross petition is granted to the extent that the respondent, State Department of Social Services, is hereby directed to retroactively reimburse the county and to continue local reimbursements until *156 such time as it has complied with the provisions of the Federal regulations. (As an aside, this court questions any future attempt by the State to discontinue reimbursements in light of the provisions of 45 CFR 205.10 [b] [3]).
Therefore, since the undersigned is satisfied that the threat to the petitioners’ well-being by reason of their removal from their present environment pending administrative hearings is more imminent than the threat of injury due to the nursing home’s technical noncompliance with Federal safety standards, the petition is granted as follows: (1) respondent Parry is directed (a) not to cause the removal of any Medicaid patients from the Earle Nursing Home pending the determination of the fair hearings, (b) to continue Medicaid payments to the Earle Nursing Home on behalf of these patients, pending their fair hearing determinations, and (c) to immediately apply for a modification of this decision if the local agency determines that conditions at said nursing home are such that there is such imminent danger of a catastrophe that the petitioners should be removed irrespective of the known medical consequences of such a move, and (2) respondent, Toia, is directed (a) to reimburse the corespondent, within the scope of the law, for past payments made pursuant to the stay contained in the order to show cause by which this proceeding was commenced, and (b) to continue such reimbursements until the State has complied with Federal guidelines with respect to discontinuance of payments.